IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| Steve Oberle, | ) |
| --- | --- |
| Plaintiff, | ) |
| vs. | ) Civil Action No. 07-1729 |
| City of Duquesne, | ) |
| Defendant. | ) |

AMBROSE, Chief District Judge

# OPINION
## and
# ORDER OF COURT

Pending before the Court is a Motion to Dismiss Plaintiff's Amended Complaint for failure to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6) filed by Defendant City of Duquesne ("Duquesne" or "Defendant"). (Docket No. 12). Plaintiff filed a response in opposition thereto. (Docket No. 14). After a careful review of the submissions by the parties and for the reasons discussed in this Opinion, the Motion to Dismiss is granted and Plaintiff's Amended Complaint is dismissed without prejudice.

## I. FACTUAL BACKGROUND AND PROCEDURAL HISTORY

Unless otherwise noted, the facts in this section are taken from Plaintiff's Complaint.

In April 2002, Plaintiff Steve Oberle ("Oberle" or "Plaintiff"), was hired by Defendant as a "part time" police officer. Plaintiff is a veteran of the United States Armed Services, having been honorably discharged in 1993. After hiring Plaintiff as "part time," Duquesne hired Officers Hornyak, Cimba, and Gogo as "part-time" police officers. None of these officers was a veteran of the United States Armed Services. Subsequently, Defendant promoted Hornyak, Cimba, and

1

Gogo to full-time positions before promoting Plaintiff to a full-time position. In so doing, Plaintiff alleges that Defendant improperly denied him veterans' preference rights. Although he has since been awarded full-time status, Plaintiff contends that he lost seniority, back pay, and insurance benefits as a result of Defendant's actions.

On or about June 26, 2007, Plaintiff commenced this action via Writ of Summons in the Court of Common Pleas of Allegheny County. Plaintiff filed a Complaint against Defendant in that same court on November 12, 2007. On December 19, 2007, Defendant removed the case to this Court pursuant to 28 U.S.C. §§ 1331, 1343, and 1441. (Docket No. 1). On January 18, 2008, Plaintiff filed a First Amended Complaint against Defendant. (Docket No. 4). Plaintiff's Amended Complaint sets forth four counts against Defendant: (I) violation of Plaintiff's civil rights under 42 U.S.C. § 1983 pursuant to the Veterans' Preference Act, 51 Pa. Cons. Stat. Ann. § 7104(b); (II) violation of Plaintiff's equal protection rights pursuant to the Fourteenth Amendment; (III) violation of 53 Pa. Stat. § 23431; and (IV) violation of the City of Duquesne's Third Class City Code.

Defendant filed a motion to dismiss Plaintiff's Amended Complaint in its entirety for failure to state a claim against it and brief in support. (Docket Nos. 12, 13). Plaintiff has filed a brief in opposition to Defendant's motion. (Docket No. 14). The issues are now ripe for my review.

## II. LEGAL ANALYSIS

### A. Standard of Review

In ruling on a 12(b)(6) motion for failure to state a claim, I must look to whether the complaint "contain[s] either direct or inferential allegations respecting all the material elements necessary to sustain recovery under *some* viable legal theory." Bell Atlantic Corp. v. Twombly, 127 S. Ct. 1955, 1969 (2007); see also Fed. R. Civ. P. 8(a)(2) (requiring a "short and plain statement of the claim showing that the pleader is entitled to relief"); Phillips v. County of Allegheny, 515 F.3d 224, 230-34 (3d Cir. 2008) (analyzing Twombly). In so doing, I must accept all factual allegations,

2

and all reasonable inferences therefrom, as true and view them in the light most favorable to the plaintiff. Phillips, 515 F.3d at 231. Although a complaint attacked by a Rule 12(b)(6) motion does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitlement to relief "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Twombly, 127 S. Ct. at 1964-65; Phillips, 515 F.3d at 231. "Factual allegations must be enough to raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." Id. at 1965 (internal citations omitted). In short:

> "stating . . . a claim requires a complaint with enough factual matter (taken as true) to suggest" the required element. This "does not impose a probability requirement at the pleading stage," but instead "simply calls for enough facts to raise a reasonable expectation that discovery will reveal evidence of" the necessary element.

Phillips, 515 F.3d at 234 (quoting Twombly, 127 S. Ct. at 1965) (alteration in original).

When ruling upon a 12(b)(6) motion, I generally may consider only the allegations contained in the complaint, exhibits attached to the complaint, matters of public record, and items appearing in the record of the case. See Oshiver v. Levin, Fishbein, Sedran & Berman, 38 F.3d 1380, 1384 n.2 (3d Cir. 1994); Pension Benefit Guar. Corp. v. White Consol. Indus., Inc., 998 F.2d 1192, 1195 (3d Cir. 1993). I also may consider an undisputedly authentic document that a defendant attaches as an exhibit to a motion to dismiss if the plaintiff's claims are based on the document. Id. at 1196. Other matters outside the pleadings should not be considered.

With this standard in mind, I turn now to the issues of this case.

## B. Motion to Dismiss

### 1. Section 1983 Claim

In Count I of his Amended Complaint, Plaintiff contends that Defendant violated his civil rights under 42 U.S.C. § 1983 by failing to promote him from "part time" to "full time" in violation

3

of section 7104(b) of Pennsylvania's Veterans' Preference Act ("VPA"). Am. Compl. ¶¶ 9-13. The VPA is a Pennsylvania state law that gives certain employment preferences to qualified veterans of the United States Armed Services. Section 7104(b) of the VPA, which applies to both appointments and promotions, provides that the appointing or promoting authority "shall give preference" to any veteran whose name is on the eligible or promotional list "notwithstanding that his name does not stand highest on the eligible or promotional list." 51 Pa. Cons. Stat. Ann. § 7104(b); see Markel v. McIndoe, 59 F.3d 463, 465-66 (3d Cir. 1995). Here, the Amended Complaint avers that "Mr. Oberle, a member of a protected class, had a protected interest in being promoted to 'full-time' status within the City of Duquesne Police Department prior to those individuals hired subsequently without veterans preferences, and thus deprived Mr. Oberle of his rights." Id. ¶ 11.

Defendant argues that Plaintiff's Section 1983 claim set forth in Count I of his Amended Complaint must be dismissed because the complaint fails to identify any constitutionally protected right that Defendant allegedly violated and/or does not allege that Defendant violated Plaintiff's rights due to any of Defendant's policies or customs. I agree that Count I of the Amended Complaint fails to state a claim upon which relief may be granted.

In order to establish a claim under Section 1983, a plaintiff must demonstrate that a person acting under color of state law deprived him of a federal right. See 42 U.S.C. § 1983; Berg v. County of Allegheny, 219 F.3d 261, 268 (3d Cir. 2000); Groman v. Twp. of Manalapan, 47 F.3d 628, 633 (3d Cir. 1995). Section 1983 does not create substantive rights and does not redress mere violations of state or common law. Berg, 219 F.3d at 268; Groman, 47 F.3d at 633. Further, in Section 1983 suits against municipalities, "the municipality can only be liable when the alleged constitutional transgression implements or executes a policy, regulation or decision officially adopted by the governing body or informally adopted by custom." Beck v. City of Philadelphia, 89 F.3d 966, 971 (3d Cir. 1996) (citing Monell v. New York City Dep't of Social Servs., 436 U.S. 658

(1978)); Berg, 219 F.3d at 275.

Here, Defendant correctly notes that Count I of Plaintiff's Amended Complaint fails to identify the federal right(s), if any, that Defendant allegedly violated when it did not promote him ahead of the three nonveteran officers. Rather, Count I alleges only that Defendant violated Section 1983 and the Pennsylvania VPA. Am. Compl. ¶ 12. As set forth above, Section 1983 itself does not create any substantive rights nor does it provide redress for violations of state law absent some violation of a federal right. Further, with the exception of Plaintiff's equal protection claim set forth in Count II, the remainder of the Amended Complaint likewise does not reference any federal rights. For these reasons, the allegations in Count I of the Amended Complaint alone are insufficient to state an actionable claim under Section 1983.[1]

In his opposition brief, Plaintiff does not respond specifically to the deficiencies Defendant identifies in Count I of the Amended Complaint. Rather, his only federal argument is that the Complaint's factual allegations adequately state a Fourteenth Amendment "equal protection" claim. To the extent Count I of the Amended Complaint seeks to assert an equal protection claim under section 1983, that claim is duplicative of Count II and is discussed in Section II.B., infra.

Finally, and in any event, I note that the Pennsylvania Supreme Court has held that the veterans' preference contained in section 7104(b) of the VPA is unconstitutional insofar as it applies to promotions. Hoffman v. Twp. of Whitehall, 677 A.2d 1200, 1203 (Pa. 1996); Markel, 59 F.3d at 473-74. Accordingly, to the extent Plaintiff's federal section 1983 claims are based on section 7104(b)'s promotional preference, the claims are without merit and must be dismissed for this reason as well. See O'Connor v. Kelly, No. Civ. A. 02-2257, 2004 WL 1012853 (E.D. Pa. May

---

[1] Plaintiff's Section 1983 claim also is deficient because it does not allege a custom, practice, or policy adopted by Duquesne which caused the alleged deprivation of rights. See Beck v. City of Pittsburgh, 89 F.3d at 971 (citing Monell, 436 U.S. at 694); Berg, 219 F.3d at 275.

5

5, 2004).[2]

**2. Equal Protection Claim**

In Count II of his Amended Complaint, Plaintiff alleges that Defendant violated the Equal Protection Clause of the Fourteenth Amendment to the United States Constitution by failing to promote a veteran. Am. Compl. ¶¶ 14-18. Using wording identical to Count I, Plaintiff specifically avers, inter alia, that he, "a member of a protected class, had a protected interest in being promoted to 'full-time' status within the City of Duquesne Police Department prior to those individuals hired subsequently without veterans preferences, and thus deprived [him] of his rights." Id. ¶ 16. Defendant argues that Count II of the Amended Complaint fails to state a claim for the same reasons as Count I and because Plaintiff does not allege that he was treated differently from others similarly situated. I agree.

Plaintiff's only argument in support of his equal protection claim is the "class of one" theory that the United States Supreme Court announced in Village of Willowbrook v. Olech, 528 U.S. 562 (2000) (*per curiam*). Pl.'s Opp. Br. at 4-5. Under this theory, a plaintiff may proceed with an equal protection claim even where he does not allege membership in a specific class or group. Id. at 564; Phillips v. County of Allegheny, 515 F.3d 224, 243 (3d Cir. 2008) ("[A]llegations of irrational and wholly arbitrary treatment, even without allegations of improper subjective motive, [a]re sufficient to state a claim for relief under equal protection analysis.").

To state a claim under a "class of one" equal protection theory, a plaintiff must, at the very least, "allege that (1) the defendant treated him differently from others similarly situated, (2) the

---

[2] To the extent Plaintiff attempts in his response brief to recharacterize his claim as a "failure to appoint" to a full time position as opposed to a "failure to promote," such characterization is not supported by the language of the Amended Complaint. See Hoffman, 677 A.2d at 1201 (Section 7104(b)'s veterans' preference is constitutional with respect to initial appointments as opposed to promotions). Rather, the Amended Complaint repeatedly describes Plaintiff's claim as a "failure to promote." See, e.g., Am. Compl. ¶¶ 7, 10, 12, 15-17, 23-25, 35. Even if Plaintiff could make out a successful "failure to appoint" claim under the VPA, his section 1983 claim must fail because he still does not plead the existence of any federal right that Defendant allegedly violated.

defendant did so intentionally, and (3) there was no rational basis for the difference in treatment." Hill v. Borough of Kutztown, 455 F.3d 225, 239 (3d Cir. 2006); see also Olech, 528 U.S. at 564; Phillips, 515 F.3d at 243 (quoting Hill). Although a plaintiff does not need to identify similarly situated individuals by name or identify specific instances where others have been treated differently to state a sufficient claim under the "class of one" theory, "an allegation of an equal protection violation still must contain a claim that a plaintiff has been treated differently from others who are similarly situated." Id. at 244-45. General accusations that the defendant's conduct deprived a plaintiff of his rights in violation of the Equal Protection clause will not do. See id. at 245 ("[T]hese general accusations and the invocation of the Equal Protection Clause are not enough.").

Here, Plaintiff's equal protection claim fails because the Amended Complaint does not allege that Plaintiff was treated differently from others similarly situated. The root of Plaintiff's claim, as alleged in the Amended Complaint, is not that he was treated differently than the non-veteran officers, but that he was not treated differently than they were. That is, Plaintiff's true complaint is that he should have received "unequal protection" in the form of preferential treatment over such officers because of his veteran status. The Fourteenth Amendment simply does not provide such protection.

In his Brief in Opposition, Plaintiff describes the "essence" of his "class of one" equal protection claim as "that he was treated differently than other Police Officers, as he, unlike the other Police Officers, was denied his veteran's preference to the appointment of full-time police officers." Pl.'s Opp. Br. at 5. The Amended Complaint, however, does not allege or even suggest that any of these other police officers were veterans or had such a "veterans' preference" in hiring or promotion. Thus, Plaintiff's argument is simply further evidence that what he is seeking here is preferential rather than equal treatment.

For all of these reasons, Plaintiff's equal protection claim, as alleged in his Amended Complaint, fails to state a claim upon which relief can be granted and must be dismissed.

7

### 3. State Law Claims

The two remaining claims set forth in Plaintiff's Amended Complaint – Counts III and IV – are grounded in Pennsylvania state law. In light of the fact that I have dismissed the federal claims over which I had original jurisdiction, I decline to exercise supplemental jurisdiction over the remaining state law claims. 28 U.S.C. § 1367(c)(3). My dismissal of Plaintiff's state law claims is without prejudice to Plaintiff's ability to refile those claims in state court.[3]

### III. CONCLUSION

For the foregoing reasons, Plaintiff has failed to state a federal claim upon which relief may be granted, and Defendant's Motion to Dismiss Pursuant to Rule 12(b)(6) is granted with respect to Counts I and II of Plaintiff's Amended Complaint. Plaintiff's state law claims are dismissed pursuant to 28 U.S.C. § 1367(c)(3). This dismissal, however, is without prejudice to Plaintiff's ability to file a Second Amended Complaint that cures, if possible, the deficiencies noted herein. An appropriate Order follows.

---

[3] Of course, if Plaintiff timely files a Second Amended Complaint to cure the deficiencies in Counts I and II of his Amended Complaint, he may replead his state law claims therein. I make no ruling as to whether those claims would survive a subsequent motion to dismiss.

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| Steve Oberle,<br><br>      Plaintiff,<br><br>  vs.<br><br>City of Duquesne,<br><br>      Defendant. | Civil Action No. 07-1729 |

AMBROSE, Chief District Judge

## ORDER OF COURT

AND NOW, this 16th day of April, 2008, after careful consideration of the submissions of the parties and for the reasons set forth in the Opinion accompanying this Order, it is ordered that Defendant City of Duquesne's Motion to Dismiss (Docket No. 12) is GRANTED. Counts I and II of Plaintiff's Amended Complaint are dismissed without prejudice for failure to state a claim upon which relief may be granted. Plaintiff's state law claims are dismissed without prejudice for lack of jurisdiction pursuant to 28 U.S.C. § 1367. Plaintiff may file a Second Amended Complaint curing the deficiencies outlined in the Opinion accompanying this Order. Plaintiff's Second Amended Complaint, if filed, is due on or before April 28, 2008, and Defendant's Response to Plaintiff's Second Amended Complaint, if filed, is due on or before May 8, 2008. No extensions will be granted absent leave of court.

BY THE COURT:

/s/ Donetta W. Ambrose
Donetta W. Ambrose
Chief U.S. District Judge